NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTH ANN COOPER, D.P.M., individually and as the representative of a class of similarly-situated persons, | : CIVIL ACTION NO. 18-11987 (JLL) |
| | : |
| | : **OPINION** |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MEDIMETRIKS PHARMACEUTICALS, INC., | : |
| | : |
| Defendant. | : |

**LINARES**, Chief District Judge

The plaintiff, Ruth Ann Cooper, D.P.M., brings this putative class action on behalf of herself and all others who are similarly situated against the defendant, Medimetriks Pharmaceuticals, Inc. (hereinafter, "Medimetriks"). (ECF No. 8.) Cooper asserts the following claims for:

- violations of the Junk Fax Prevention Act (hereinafter, "the JFPA"), 47 U.S.C. § 227, concerning faxes that were sent by Medimetriks that failed to provide a notice to recipients of the right to opt out of receiving such faxes and a manner in which to do so, and that were received by those who: (a) had not expressly provided permission to Medimetriks to send such faxes (hereinafter, "the Unsolicited JFPA Claims"), and (b) had

expressly provided permission to Medimetriks to send such faxes (hereinafter, "the Solicited JFPA Claims");

- violations of the New Jersey Junk Fax Act (hereinafter, "the NJJFA"), N.J.S.A. 56:8-157, *et seq.*;

- violations of the New Jersey Consumer Fraud Act (hereinafter, "the NJCFA"); and

- attorney fees related to each of the aforementioned claims.

For the sake of clarity, the Court notes here that the JFPA sets forth opt-out notice requirements. *See* 47 U.S.C. § 227(b)(1)–(2). Among other things, the JFPA requires faxed advertisements to contain a notice on the first page that clearly and conspicuously advises that a recipient is legally entitled to opt out from any future faxed advertisements from the sender, and to provide a means to make an opt-out request to that sender. *Id.* Furthermore, the JFPA provides for a private cause of action. *See* 47 U.S.C. § 227(b)(3).

Currently pending before the Court is the motion by Medimetriks pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the entire amended complaint. (ECF No. 13 through ECF No. 13-3; ECF No. 19.) In response, Cooper voluntarily withdraws the claims that were brought under the NJCFA, but she otherwise opposes the motion. (ECF No. 18 at 24 (Cooper's withdrawal of the NJCFA claims); *id.* at 8–25 (Cooper's arguments in opposition).)

The Court resolves the motion upon a review of the papers and without oral

argument. *See* L. Civ. R. 78.1(b). For the following reasons, the motion is: (1) granted to the extent that it addresses the Solicited JFPA Claims, the NJJFA Claims, and the claims for attorney fees that are related to the Solicited JFPA Claims and the NJJFA Claims; (2) administratively terminated to the extent that it addresses claims brought under the NJCFA and the claims for attorney fees that are related thereto, because the NJCFA claims have been withdrawn; and (3) denied to the extent that it addresses the Unsolicited JFPA Claims and the claims for attorney fees that are related thereto.

## I.   BACKGROUND

Cooper is a podiatrist who practices in Cincinnati, Ohio. (ECF No. 8 at 3 (the amended complaint alleging that Cooper is a citizen of Ohio); *see also* ECF No. 8-1 at 2–8 (faxes sent by Medimetriks to Cooper that list her office as being located in Cincinnati, Ohio).) Cooper alleges that Medimetriks is a pharmaceutical company that is located in Fairfield, New Jersey, and that specializes in podiatry and dermatology medications. (ECF No. 8 at 3–4.) Cooper further alleges that Medimetriks "sent facsimile transmissions of unsolicited advertisements . . . describ[ing] the commercial availability or quality of [its] products, goods and services" to her office on seven separate occasions between May 2016 and July 2018 "without the required opt-out language." (*Id.* at 1–2, 4.)

The faxes contained offers made directly to Cooper for free samples of prescription medications sold by Medimetriks for Cooper to provide to patients. (*Id.* at 4.) The first two faxes that Cooper received from Medimetriks were in the following format:

## MEDIMETRIKS
### PHARMACEUTICALS, INC.

## SAMPLE REQUEST FORM

$R_X$ Only





with **REHYLA® HAIR+BODY CLEANSER**

Up to 3 tubes

| | |
|---|---|
| Doctor:  Ruth Cooper, DPM | Specialty: Podiatry |
| Address:  4415 B Aicholtz Road | Suite/Floor:  Suite 200 |
| City:  Cincinnati | State: OH          Zip:  45245 |
| Phone: 513-943-0400 | Fax : 513-943-6115 |
| State License #: 36.002540 | Contact (optional): |
| Email (optional): | |

In compliance with the Prescription Drug Marketing Act (PDMA) regulations, please complete and verify all the information listed above. Incomplete requests cannot be processed.  Please sign and date this form indicating your request for these samples and fax it to Medimetriks Pharmaceuticals, Inc. **(973) 882-7502.**

*I certify that I am a licensed practitioner who can legally prescribe in my state.  I am requesting product samples so that I may have the opportunity to evaluate the tolerability and effectiveness on appropriate patients.  I will not sell, offer to sell, trade or barter samples, nor will I seek reimbursement from any payer for providing these samples to a patient.  I further certify this is my personal, original signature.*

**Physician Signature:** _____          **Date:** _____

Request Date:     5/5/2016
Request Expires:   6/4/2016

Keep your original, signed hard copy form in your office files to comply with federal law.

**PLEASE RETURN VIA FAX TO:**

**Medimetriks Pharmaceuticals, Inc.  (973) 882-7502**

## 20160502CCFAX176327

If you have questions or concerns regarding any Medimetriks Pharmaceuticals brand, please call Medimetriks Customer Service at (973) 882-7512, ext. 234, Monday through Friday from 9 am to 5 pm ET.

Rev. 2

383 Route 46 West   •   Fairfield, New Jersey 07004-2402   •   Ph: (973) 882-7512   •   Fax: (973) 882-7502   •   www.medimetriks.com
This fax was received by GFI FaxMaker fax server. For more information, visit http://www.gfi.com

(ECF No. 8-1 at 2.)  The next five faxes that Cooper received were in this format:



## MEDIMETRIKS
### PHARMACEUTICALS, INC.

---

## SAMPLE REQUEST FORM

---

Rx Only



**LOPROX**®(ciclopirox)
**Cream, 0.77%**

Up to 6 bins of 6 samples each

| | |
|---|---|
| Doctor: Ruth Cooper, DPM | Specialty: Podiatry |
| Address: 4415-B Aicholtz Road | Suite/Floor: Suite 200 |
| City: Cincinnati | State: OH        Zip: 45245 |
| Phone: 513-943-0400 | Fax : 513-943-6115 |
| State License #: 36.002540 | Contact (optional): |
| Email (optional): | |

In compliance with the Prescription Drug Marketing Act (PDMA) regulations, please complete and verify all the information listed above. Incomplete requests cannot be processed. Please sign and date this form indicating your request for these samples and fax it to Medimetriks Pharmaceuticals, Inc. (973) 882-7502.

*I certify that I am a licensed practitioner who can legally prescribe in my state. I am requesting product samples so that I may have the opportunity to evaluate the tolerability and effectiveness on appropriate patients. I will not sell, offer to sell, trade or barter samples, nor will I seek reimbursement from any payer for providing these samples to a patient. I further certify this is my personal, original signature.*

<u>Physician Signature:</u> _____          Date: _____

Request Date:       7/30/2018
Request Expires:    8/29/2018

Keep your original, signed hard copy form in your office files to comply with federal law.

### PLEASE RETURN VIA FAX TO:
### Medimetriks Pharmaceuticals, Inc. (973) 882-7502
### POD20180730LCBC176327

If you have questions or concerns regarding any Medimetriks Pharmaceuticals brand, please call Medimetriks Customer Service at (973) 882-7512, ext. 234, Monday through Friday from 9 am to 5 pm ET.

Rev. 3

---

383 Route 46 West  ▪  Fairfield, New Jersey 07004-2402  •  Ph: (973) 882-7512  •  Fax: (973) 882-7502  •  www.medimetriks.com
This fax was received by GFI FaxMaker fax server. For more information, visit: http://www.gfi.com

*(Id.* at 8.)

Cooper alleges that neither she nor anyone on her behalf gave permission to Medimetriks to send her these faxes. (ECF No. 8 at 4.) Furthermore, Cooper alleges that these faxes constituted advertisements under the provisions of the JFPA and the NJJFA. (*Id.*) In addition, Cooper alleges that the faxes lacked the notice that is required pursuant to the JFPA and NJJFA informing her of the opportunity to opt out of receiving any further faxed advertisements from Medimetriks and providing a manner in which to opt out. (*Id.* at 12.) Cooper now purports to bring claims on behalf of those who received both solicited and unsolicited faxes from Medimetriks where said faxes lacked the opt-out notice.

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

It is not necessary for this Court to restate the standard for resolving this motion to dismiss the amended complaint that has been made pursuant to Rule 12(b)(6), because that standard has already been enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining the holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining the holdings in *Iqbal* and *Twombly*).

### B. Solicited JFPA Claims and Related Claims For Attorney Fees

Cooper alleges that she did not: (1) give permission to Medimetriks to fax advertisements to her; or (2) solicit such faxed advertisements in any way. (ECF No. 8.)

6

Cooper emphasizes these allegations in opposition to the motion to dismiss. (*See* ECF No. 18 at 17 (alleging that "Medimetriks repeatedly sent unsolicited facsimiles to Dr. Cooper offering her free samples of Medimetriks' products"); *id.* at 22 (arguing that "[f]rom a factual standpoint, Dr. Cooper alleged the faxes she received from Medimetriks were unsolicited; *i.e.*, 'without [her] prior express invitation or permission'").)

As a result, Cooper is unable to proceed as a class representative for those who might have standing to bring the Solicited JFPA Claims, because Cooper is not — in contrast to the caption of the amended complaint — a "similarly-situated person[]" insofar as these particular claims are concerned. (ECF No. 8 at 1.) As correctly argued by Medimetriks, Cooper is unable to represent the interests of the recipients who either solicited or gave permission to Medimetriks to send them faxes, but who then received said faxes without the opt-out information, as Cooper's alleged experiences as to the faxes from Medimetriks were different. (*See* ECF No. 13-1 at 22–23 (Medimetriks arguing same).) It is well-settled law in the class action context that "[r]epresentatives must be part of the class and possess the *same* interest and suffer the *same* injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594–95 (1997) (emphasis added); *see also Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1169–70 (3d Cir. 1987) (affirming the dismissal of a cause of action due to the named plaintiff's failure to state a claim, because "to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim").

Furthermore, a named plaintiff in a purported class action cannot conjure up standing by "alleg[ing] a bare procedural violation, divorced from any concrete harm" to him or her, even where "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," unless that plaintiff has alleged an injury-in-fact that is "fairly traceable to the challenged conduct of the defendant." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 1549 (2016). Even though — as with the situation in the instant case — "a suit may be a class action . . . [it] adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that [an] injury has been suffered by other, unidentified members of the class to which they belong." *Id.* at 1547 n.6 (citations and internal quotes omitted); *see also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 607 (3d Cir. 2010) (holding the same). The Court cannot allow Cooper to proceed as a representative on behalf of those covered by the Solicited JFPA Claims, as Cooper herself neither solicited nor gave permission to receive the faxes from Medimetriks. *See Frank v. Gaos*, No. 17-961, 2019 WL 1264582, at *3 (U.S. Mar. 20, 2019) (remanding a class action case for further proceedings, because the lower courts failed to determine whether the named plaintiffs had personally experienced the alleged violation at issue, and thus whether those plaintiffs had standing to bring those particular claims).

Therefore, the Solicited JFPA Claims and the claims for attorney fees that are related to the Solicited JFPA Claims are dismissed. However, those claims are dismissed

without prejudice, and with leave to Cooper to move for joinder of an additional plaintiff who indeed provided such permission to Medimetriks and then received faxes lacking the required opt-out information pursuant to the JFPA. By granting such leave, the Court is offering no opinion as to whether the Solicited JFPA Claims would then be found to be plausible or meritorious.

**C.  Unsolicited JFPA Claims and Related Claims For Attorney Fees**

Cooper alleges that she did not permit Medimetriks to send her the faxes, and that the faxes did not contain opt-out information. Thus, the Court finds that Cooper has standing to proceed with the Solicited JFPA Claims. *See Amchem Prods., Inc.*, 521 U.S. at 594–95.

Medimetriks does not deny that the faxes fail to set forth any opt-out language. However, Medimetriks argues that Cooper has not plausibly alleged that the faxes at issue were advertisements, and argues that the faxes offer nothing for sale and were sent to Cooper in her capacity as a podiatrist in order to assist her with patient care. (ECF No. 13-1 at 8, 12.) Medimetriks further argues that "the faxes did not propose any commercial transaction with" Cooper, and thus argues that the JFPA does not apply here. (*Id.* at 8.)

The JFPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5); *see also* 47 U.S.C. 227(b)(1) (providing that "[i]t shall

be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement"). Thus, a fax can still set forth a commercial pretext that falls under the regulation of the JFPA if it is "an indirect commercial solicitation, or pretext for a commercial solicitation." *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 225 (6th Cir. 2015). All that is required for an unsolicited fax to merit scrutiny under the JFPA is for that fax to "draw[] the relevant market's attention to its product to promote its sale (albeit indirectly)." *Id.* at 222; *see also Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2013 WL 486207, at *6 (D.N.J. Feb. 6, 2013) (holding insofar as the JFPA is concerned that "publications may be part of an overall marketing campaign to promote the commercial availability and quality of a sender's goods or services," and thus "while the message is informational to the extent that it is notifying the recipient of free . . . services, the message can also be construed as [an] advertisement because it contains statements promoting the availability and quality of certain goods or services"). Indeed, as another Federal District Court has held in denying a motion to dismiss by a pharmaceutical-company defendant in a similar case that concerned claims brought under the JFPA, it is certainly plausible in this case that Medimetriks sent the unsolicited faxes to Cooper in her capacity as a podiatrist as advertisements to "promote[] the sale of its products to [her] patients, albeit indirectly, by passing on free samples through [her]," and that "the offer of free products is a vehicle to advertise [the defendant's] products and sell those products to [her] patients." *Cooper v. NeilMed*

*Pharms., Inc.*, No. 16-945, 2017 WL 4349085, at *4 (S.D. Ohio Sept. 29, 2017).

As a result, the Unsolicited JFPA Claims will be permitted to go forward, because the Court finds that the faxes at issue may plausibly be considered to be unsolicited advertisements at this juncture. In addition, the claims for attorney fees that are related to the Unsolicited JFPA Claims will also proceed at this juncture, as the Court is utilizing the discretion to refrain from determining the merits of the claims for attorney fees until the Unsolicited JFPA Claims themselves have been resolved on the merits. *See Artemi Ltd. v. Safe-Strap Co., Inc.*, No. 03-3382, 2013 WL 6860734, at *6 n.7 (D.N.J. Dec. 30, 2013) (denying without prejudice a motion to dismiss claims for attorney fees where the underlying claims in a patent infringement case remained viable, because "decisions concerning entitlement to attorney[] fees can abide the resolution of the merits of th[e] suit").

### D.    NJJFA Claims

Medimetriks argues that Cooper may not proceed in this litigation as the class representative for the claims brought under the NJJFA because she received the faxes in Ohio, and because the NJJFA pertains only to the recipients of fax advertisements within New Jersey. (ECF No. 13-1 at 9.) The NJJFA protects New Jersey residents from being forced to receive unsolicited fax advertisements without being provided with an option to opt out of receiving such faxes. N.J.S.A. 56:8-157; N.J.S.A. 56:8-158(b). Specifically,

the NJJFA provides that "[a] person within this State shall not . . . send an unsolicited advertisement to a telephone facsimile machine *within this State*." N.J.S.A. 56:8-158(a).

As discussed earlier by the Court as to the Solicited JFPA Claims, it is well-settled law in the class action context that "[r]epresentatives must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc.*, 521 U.S. at 594–95. Cooper is the only named plaintiff in this Action. Cooper is not a New Jersey resident (she is a resident of Ohio) and Cooper did not suffer any alleged injuries in New Jersey (she was allegedly injured in Ohio), and thus Cooper is barred from proceeding as a class representative for the NJJFA claims. *See McGuire v. BMW of N. Am., LLC*, No. 13-7356, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) (in addressing a motion to dismiss putative class action claims, holding that the plaintiff lacked standing to assert claims under the laws of the states in which he did not reside or in which he suffered no injury, because the named plaintiff in a proposed class action should not be permitted to engage in lengthy class discovery for injuries in relation to every state in the country). In fact, Cooper concedes that she does not possess an individual claim under the NJJFA in this action, and that she is uncertain whether anyone in New Jersey even received the subject faxes from Medimetriks. (ECF No. 18 at 23 (Cooper stating that her "faxes were not received in New Jersey," and that she "is seeking to represent all persons who received the . . . Faxes — some of whom *likely* received these faxes in New Jersey and *may* . . . be entitled to additional remedies under New Jersey law")(emphasis added).)

12

Therefore, the NJJFA Claims and the claims for attorney fees that are related to the NJJFA Claims are dismissed. However, those claims are dismissed without prejudice, and with leave to Cooper to move for joinder of an additional plaintiff who was allegedly injured by receiving faxes from Medimetriks in violation of the NJJFA within New Jersey.

**E.    Argument Raised By Medimetriks In The Reply Brief**

Medimetriks suggests in its reply brief that the Court might consider staying this case at this juncture. (ECF No. 19 at 15–16.) Medimetriks argues that the Court may await the resolution of a matter that is pending in the United States Supreme Court concerning the holding in *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 883 F.3d 459, 466 (4th Cir. 2018), in which a divided panel of the Fourth Circuit Court of Appeals held that a separate federal statute, *i.e.*, the Hobbs Act, precluded the District Court from considering whether an offer for a free e-book constituted an advertisement under the JFPA. *See PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 478 (2018) (granting a petition for a writ of certiorari).

However, the Court will not rule upon an argument that has been raised in the first instance in a reply brief. *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (vacating an order granting summary judgment wherein the District Court accepted an argument that was raised for the first time in a reply brief as being dispositive of claims, because there was no meaningful opportunity to present arguments or evidence in opposition to the decisive issue); *see also Reap v. Cont'l Cas. Co.*, 199 F.R.D. 536, 550

n.10 (D.N.J. 2001) (holding that it is improper to raise arguments for the first time in reply papers). If Medimetriks desired the Court to hold this case in abeyance, then it should have sought to do so by a properly-noticed motion that permitted Cooper to either oppose or join in that request.

### III.    CONCLUSION

For the aforementioned reasons: (1) the Solicited JFPA Claims, the NJJFA Claims, and the claims for attorney fees that are related to the Solicited JFPA Claims and the NJJFA Claims are dismissed; (2) the NJCFA claims and the claims for attorney fees that are related thereto are deemed to be withdrawn; and (3) the Unsolicited JFPA Claims and the claims for attorney fees that are related thereto remain viable. An appropriate Order follows this Opinion.

Date: March ___25ᵗ___ , 2019

JOSE L. LINARES
Chief Judge, United States District Court