<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUTH ANN COOPER, D.P.M., individually and as representative of a class of similarly situated persons, :<br><br>Plaintiff, :<br>:<br>v. :<br>:<br>MEDIMETRIKS PHARMACEUTICALS, INC., :<br>:<br>Defendant. : | Case No. 2:18-cv-11987-BRM-JAD<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

     Before this Court are is an appeal by Defendant Medimetriks Pharmaceuticals, Inc. ("Defendant" or "Medimetriks") (ECF No. 46) of Magistrate Judge Joseph A. Dickson's September 6, 2019 Order denying Medimetriks's request for leave to file a motion for summary judgment (ECF No. 45). Plaintiff Ruth Ann Cooper, D.P.M., individually and as representative of a class of similarly situated persons ("Plaintiff" or "Dr. Cooper") opposes the appeal. (ECF No. 49.) Upon reviewing the papers submitted by counsel and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Medimetriks's appeal is **DENIED**, and Magistrate Judge Dickson's September 6, 2019 Order denying Medimetriks's request for leave to file a motion for summary judgment is **AFFIRMED**.

1

**I.     BACKGROUND**

On July 23, 2018, Dr. Cooper filed a Complaint against Medimetriks alleging it sent "unsolicited advertisements" by facsimile in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). (ECF No. 1.) Dr. Cooper subsequently filed a First Amended Complaint on August 29, 2018. (ECF No. 8.) The Court granted Medimetriks's Motion to Dismiss the First Amended Complaint (ECF No. 13) with respect to the TCPA claim in Count I for violations of the solicited fax rule concerning the lack of opt-out notice as well as the claims in Counts II and III under the New Jersey Junk Fax Statute, N.J. Stat. Ann. 56:8-157 *et seq.* and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1 *et seq.*. (ECF No. 23.)

Judge Dickson has and continues to preside over the discovery issues between the parties in this matter. The parties appeared before Judge Dickson for the Initial Pretrial Conference on July 9, 2019, and by Order of the same date, were given until October 25, 2019, to complete written discovery and until February 28, 2020, to complete fact discovery. (ECF No. 38.) Shortly thereafter, on July 26, 2019, Dr. Cooper filed the Second Amended Complaint (ECF No. 41), and Medimetriks filed a letter with the Court requesting leave to file a motion for summary judgment. (ECF No. 40.) Dr. Cooper responded to Medimetriks's letter request arguing that Medimetriks failed to demonstrate the appropriateness of both deviation from the pretrial schedule and bifurcation of discovery. (ECF No. 49 at 10.)

By text order of September 6, 2019 ("September 6 Text Order"), Judge Dickson denied Medimetriks's request, adopting the reasoning in Dr. Cooper's letter. (ECF No. 45.) Medimetriks now appeals that ruling. (ECF No. 46.) Magistrate Judge Dickson stayed compliance with the September 6 Text Order on October 24, 2019, pending this appeal. (ECF No. 55.)

## II.     LEGAL STANDARD

### A.     Appeal of Magistrate Judge's Decision

The standard of review utilized by a district judge considering an appeal of a magistrate judge's decision varies with the nature of the issue on appeal. A magistrate judge's legal conclusions on a non-dispositive motion are subject to plenary review. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("Under [28 U.S.C. § 636](b)(1)(A) . . . the phrase 'contrary to law' indicates plenary review as to matters of law.") When evaluating a magistrate judge's determinations on pre-trial matters, on the other hand, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Similarly, this Court's Local Rules provide "[a] Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines*, 975 F.2d at 93 (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v.*

3

*U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### B. Bifurcation of Discovery

Pursuant to Rule 42(b), a court may, bifurcate and separate issues and claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The "rule in [the Third Circuit] . . . has been that the decision to bifurcate . . . is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the [] judge." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (citing *Idzojtic v. Penn. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1971)). This rule extends to a magistrate judge who may decide whether to bifurcate discovery pursuant to the broad discretion afforded courts in handling discovery disputes. *Phys. Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, Case No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014). "The party moving for bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single [proceeding] tends to lessen the delay, expense and inconvenience to all parties." *Huertas v. TransUnion*, Case No. 08-2009, 2009 WL 10697260, at *1 (D.N.J. Apr. 29, 2009).

### III. DECISION

The September 6 Text Order denied Medimetriks's motion for leave to file a motion for summary judgment "[f]or the reasons set forth in Plaintiff's 8/15/19 letter, (ECF No. 43)." Medimetriks argues the extent of the September 6 Text Order is unclear. (ECF No. 46-1 at 3-4.) If

Judge Dickson adopted Dr. Cooper's opposition as the legal basis for the September 6 Text Order, then, Medimetriks contends, this Court must review the decision *de novo*. (*Id.*) Alternatively, if the September 6 Text Order is limited solely to case management, then, Medimetriks concedes, the matter falls under the clearly erroneous standard of review. (*Id.*)

"A text order, as its name suggests, is an order of the court, with specific text granting, denying, or otherwise resolving a motion or, ultimately, a case." *Witasick v. Minnesota Mut. Life Ins. Co.*, 803 F.3d 184, 189 (3d Cir. 2015). A text order can be used to resolve substantive or other routine motions that arise during litigation and constitutes the Court's only order on the particular matter. *Id.* (citing *ECF User Manual for the District of New Jersey* at page 8 (Rev.5-12013), www.njd.uscourts.gov/sites/njd/files/CMECFUserGuide.pdf). In this case, Judge Dickson issued the September 6 Text Order in response to Medimetriks's request for leave to file summary judgment prior to the commencement of general and class discovery. (ECF No. 40.) Medimetriks's request sought to alter the typical order of proceedings in the litigation. (*Id.*) Because Medimetriks's request relates to management of the case and order of discovery, Judge Dickson issued the September 6 Text Order pursuant to his authority to determine non-dispositive pre-trial motions. Fed. R. Civ. P. 16(a) (granting magistrate judges broad powers to, among other things, expedite disposition of an action and discourage wasteful pretrial activities); L.Civ.R. 72.1(a)(1); 37.1 (stating that magistrate judges may determine discovery motions). Therefore, this Court reviews Judge Dickson's determination for clear error.

On appeal, Medimetriks maintains essentially the same arguments as it made before Judge Dickson. Medimetriks again argues (1) determining whether the fax was an advertisement is a potentially case-dispositive issue that should be resolved before the parties engage in costly and time-consuming discovery, and (2) discovery is not needed to determine whether the fax

constitutes an advertisement because the issue can be resolved by looking to the four corners of the fax. (ECF No. 46-1.) Medimetriks continues, stating if this Court cannot decide the threshold advertisement issue without a factual record, then this Court should bifurcate discovery in the interest of fairness and efficiency. (ECF No. 53 at 7.)

The Court is not persuaded by Medimetriks's claim that the September 6 Text Order was clearly erroneous because it adopted Plaintiff's "incorrect legal conclusion that the advertisement issue had already been decided on the prior Motion to Dismiss." (ECF No. 46-1 at 4.) In adopting the reasoning set forth in Dr. Cooper's letter, Judge Dickson, in his discretion, made a determination that this case did not present a situation that justified a deviation from the usual course litigation like permitting a party to file a summary judgment motion before the close of fact discovery. This determination is supported by Dr. Cooper's letter wherein she highlights Medimetriks asking the Court to proceed with summary judgment even though the record was no greater than when the Court made its determination on the advertising issue on the motion to dismiss. (ECF No. 43 at 4.) Moreover, Medimetriks's appeal to efficiency concerns is unavailing because in rendering the September 6 Text Order, Judge Dickson was exercising his broad powers pursuant to Fed. R. Civ. P. 16(a) to expedite the disposition of the action and discourage wasteful pretrial activities. Even if the Court would have decided the issue differently, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Waterman*, 755 F.3d at 174 (quoting *Anderson*, 470 U.S. at 574.) Certainly, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum*, 131 F.R.D. at 65 (quoting *U.S. Gypsum*, 333 U.S. at 395).

Medimetriks also argues the advertisement issue can be resolved by looking to the four corners of the contested fax. However, the Court sees no evidence in the record below supporting

6

that proposition. Medimetriks acknowledges the United States Court of Appeals for the Third Circuit has not addressed this issue (ECF No. 40 at 7), and cites to a case within this district wherein the Court considered evidence outside of the four corners of the document to determine whether the fax constituted an advertisement. (*Id.*) (citing *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV. 12-2132 FLW-TJB, 2015 WL 3827579, at *2 (D.N.J. June 19, 2015)). Dr. Cooper's letter demonstrates the same. (ECF No. 43 at 8-9.) Therefore, the Court finds Judge Dickson's September 6 Text Order is not "contrary to law," because Judge Dickson did not misinterpret or misapply the law as it was before him. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

Finally, Medimetriks claims the September 6 Text Order is silent on the issue of bifurcated discovery and urges this Court to expedite resolution of the case by ordering the bifurcation of discovery. (ECF No. 53 at 7.) However, Dr. Cooper's letter, which was adopted by Judge Dickson, states a request to accelerate a determination of an issue ahead of class certification runs afoul of Rule 23's imperative to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." (ECF No. 43 at 12) (citing Fed. R. Civ. P. 23(c)(1)(A)). Again, the Court does not find Judge Dickson's determination to be clearly erroneous. Medimetriks fails to demonstrate Judge Dickson's decision amounts to reversible mistake. While Rule 23 may not prohibit a court from hearing and deciding a motion for summary judgment before the class is certified, a determination regarding case management falls squarely within the powers of a magistrate judge and is therefore entitled to a measure of deference from the Court.

## IV.   CONCLUSION

For the reasons set forth above, Medimetriks's appeal (ECF No. 46) is **DENIED**, and Magistrate Judge Dickson's September 6, 2019 Order denying Medimetriks's request for leave to file a motion for summary judgment is **AFFIRMED**. An appropriate order will follow.


**Date: June 30, 2020**               */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**